IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAVANCE MICKEY WILSON,                  No C-10-1627 VRW (PR)

        Plaintiff,

    v                                   ORDER OF DISMISSAL WITH LEAVE
                                        TO AMEND
MATTHEW CATE, et al,

        Defendant(s).
_____/

      Plaintiff, a condemned prisoner incarcerated at San Quentin State Prison ("SQSP"), has filed a pro se complaint under 42 USC § 1983 against Matthew Cate, Secretary of the California Department of Corrections ("CDCR"), and Robert K Wong, SQSP's former Acting Warden.  Doc #1.  In documents attached to the complaint, plaintiff identifies various SQSP employees by name, and claims they violated his First Amendment rights by participating in the illegal confiscation of his book entitled "The Black Panthers."  Id.  For the reasons that follow, the complaint is DISMISSED WITH LEAVE TO AMEND within thirty (30) days of this order.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

II

A

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests.  See <u>Thornburgh v Abbott</u>, 490 US 401, 413 (1989) (citing <u>Turner v Safley</u>, 482 US 78, 89 (1987)).  The Supreme Court recognized in <u>Turner</u> that imprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment.  See <u>Beard v</u>

2

1 Banks, 548 US 521, 527 (2006).  But at the same time the
2 Constitution sometimes permits greater restriction of such rights in
3 a prison than it would allow elsewhere.  Id at 527-30.  Courts owe
4 "substantial deference to the professional judgment of prison
5 administrators."  Overton v Bazzetta, 539 US 126, 132 (2003).
6 Turner reconciled these seemingly competing principles by
7 establishing that restrictive prison regulations are permissible if
8 they are "reasonably related" to legitimate penological interests,
9 and are not an "exaggerated response" to such objectives.  Turner,
10 482 US at 87.
11        Liberally construed, plaintiff's allegations regarding the
12 confiscation of his book on the Black Panther Party appear to state
13 a cognizable 42 USC § 1983 claim for a violation of his First
14 Amendment rights.  But as set forth below, the action cannot proceed
15 until plaintiff corrects certain deficiencies in his complaint.
16
17                                   B
18        Liability may be imposed on an individual defendant under
19 42 USC § 1983 if the plaintiff can show that the defendant
20 proximately caused the deprivation of a federally-protected right.
21 See Leer v Murphy, 844 F2d 628, 634 (9th Cir 1988); Harris v City of
22 Roseburg, 664 F2d 1121, 1125 (9th Cir 1981).  A person deprives
23 another of a constitutional right within the meaning of 42 USC §
24 1983 if he does an affirmative act, participates in another's
25 affirmative act or omits to perform an act which he is legally
26 required to do, that causes the deprivation of which the plaintiff
27
28                                   3

complains.  See Leer, 844 F2d at 633.  It is well-established, however, that there is no respondeat superior liability under 42 USC § 1983, ie, there is no liability simply because one is responsible for the actions or omissions of another.  See Taylor v List, 880 F2d 1040, 1045 (9th Cir 1989).

Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v Harrington, 152 F3d 1193, 1194 (9th Cir 1998).  Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."  Erickson v Pardus, 551 US 89, 93 (2007) (citations omitted).

In his complaint plaintiff names only CDCR Secretary Matthew Cate and former SQSP Acting Warden Robert K Wong as defendants — individuals who, judging from the documents attached to the complaint, appear to be named based solely on the theory of respondeat superior.  See Doc #1 at 1 & 2-3.  Although various SQSP officials are mentioned in documents attached to the complaint, see, for example, id at 2, plaintiff does not name them as defendants nor does he clearly identify how they proximately caused the deprivation of a federally-protected right.  See Leer, 844 F2d at 634; Harris, 664 F2d at 1125.  As the action now stands, the court cannot easily determine which of the defendants mentioned in the documents attached to plaintiff's complaint violated his federally-protected rights.  The complaint, therefore, will be DISMISSED WITH LEAVE TO

4

**AMEND within thirty (30) days of this order.  See Lopez v Smith, 203 F3d 1122, 1126-27 (9th Cir 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints); FRCP 15(a)(2) (district courts "should freely give leave [to amend] when justice so requires").**

### III

**Good cause appearing, the complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT containing all related claims against all defendants that plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every defendant is alleged to have violated plaintiff's federally-protected rights. The pleading must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within thirty (30) days of this order will result in the dismissal of this action.**

**Plaintiff is advised that the first amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the first amended complaint will not be considered by the court.  See King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987).**

*//*
*//*
*//*
*//*

5

CDCR Secretary Matthew Cate and former Acting Warden Robert K Wong are DISMISSED as defendants under the authority of 28 USC § 1915A(b) because they are sued only in their capacity as supervisors.  See <u>Taylor</u>, 880 F2d at 1045.

IT IS SO ORDERED.

                                                    /s/ Vaughn R Walker
                                                    VAUGHN R WALKER
                                                    United States District Chief Judge

G:\PRO-SE\VRW\CR.10\Wilson-10-1627-dwlta.wpd