IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAVANCE MICKEY WILSON,            No C-10-1627 VRW (PR)

      Plaintiff,

    v                           ORDER OF SERVICE

A PANIZZA, et al,

      Defendant(s).
_____/

Plaintiff, a condemned prisoner incarcerated at San Quentin State Prison ("SQSP"), has filed a pro se amended complaint under 42 USC § 1983 against several SQSP employees, claiming they violated his First Amendment rights by confiscating his book on the Black Panther Party. Doc #7.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint,

or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

II

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests. See Thornburgh v Abbott, 490 US 401, 413 (1989) (citing Turner v Safley, 482 US 78, 89 (1987)). Liberally construed, plaintiff's allegations relating to the confiscation of his book on the Black Panther Party appear to state a cognizable 42 USC § 1983 claim for violation of the First Amendment and will be served on the named defendants. Cf Ashker v CDC, 350 F3d 917, 923-24 (9th Cir 2003) (policy requiring vendors to send books with a prison-provided vendor label was not rationally related to security concerns, where separate policy required all books to be sent directly from vendors, all personal property received by inmates was searched prior to delivery, and there was no

2

label requirement imposed on other vendors, whose goods also could be used to smuggle in contraband).

### III

For the foregoing reasons and for good cause shown:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the original complaint in this matter and all attachments thereto, which are copies of the appeals filed pursuant to the inmate administrative grievance system that are related to plaintiff's claim (Doc #1); (2) the first amended complaint in this matter (Doc #7); and (3) copies of this order on SQSP correctional officers A Panizza, C Seman, D Padilla and S Wright. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

3

1    b.   Plaintiff's opposition to the dispositive motion
2 shall be filed with the court and served upon defendants no later
3 than thirty (30) days after defendants serve plaintiff with the
4 motion.
5    c.   Plaintiff is advised that a motion for summary
6 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
7 if granted, end your case.  Rule 56 tells you what you must do in
8 order to oppose a motion for summary judgment.  Generally, summary
9 judgment must be granted when there is no genuine issue of material
10 fact - that is, if there is no real dispute about any fact that
11 would affect the result of your case, the party who asked for
12 summary judgment is entitled to judgment as a matter of law, which
13 will end your case.  When a party you are suing makes a motion for
14 summary judgment that is properly supported by declarations (or
15 other sworn testimony), you cannot simply rely on what your
16 complaint says.  Instead, you must set out specific facts in
17 declarations, depositions, answers to interrogatories, or
18 authenticated documents, as provided in Rule 56(e), that contradicts
19 the facts shown in the defendants' declarations and documents and
20 show that there is a genuine issue of material fact for trial.  If
21 you do not submit your own evidence in opposition, summary judgment,
22 if appropriate, may be entered against you.  If summary judgment is
23 granted, your case will be dismissed and there will be no trial.
24 <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App
25 A).
26    Plaintiff also is advised that a motion to dismiss for

4

failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

         d.   Defendants shall file a reply brief within fifteen (15) days of the date on which plaintiff serves them with the opposition.

         e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    4.   All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

//
//
//
//
//
//
//

5

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.10\Wilson-10-1627-order of service.wpd